IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

TARA ALDEN,

        **Plaintiff,**

v.                                        Case No. 2:18-cv-001420

DOMINIC VIRAMETHI,

        **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On November 9, 2018, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint under 42 U.S.C. § 1983 (ECF No. 2) addressing child custody and visitation issues. The sole defendant is Dominic Viramethi, who appears to be the father of plaintiff's children.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiffs seek to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the

Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id*. at 678. Likewise, if the court determines at any time that it lacks subject matter jurisdiction over a claim or action, it must dismiss the same. *See* Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

### A. This federal court lacks subject matter jurisdiction over the plaintiff's claims.

The plaintiff's Complaint fails to identify any federal constitutional or statutory basis that would serve to convey this court's subject matter jurisdiction over this matter under 28 U.S.C. § 1331. Moreover, the named defendant is not a state actor for purposes of a suit under 42 U.S.C. § 1983. Additionally, although it appears that the parties may be citizens of different states, the Complaint does not make a claim for damages that would meet the amount in controversy threshold of $75,000 necessary to establish the court's diversity jurisdiction under 28 U.S.C. § 1332. Rather, the plaintiff merely seeks a "speedy decision" to "help bring my children home." (ECF No. 2 at 2). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks subject matter jurisdiction over the plaintiff's Complaint.

### B. *Younger* Abstention and the Domestic Relations Exception.

Even if there were a basis for subject matter jurisdiction herein, the District Court should abstain from exercising jurisdiction over the plaintiff's claims under the "*Younger*-abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity

to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Matters concerning child custody and family law are generally on-going proceedings and the welfare of children is certainly an important state interest. It would appear to this court that the matters in controversy herein may still be on-going in the Circuit Court of Kanawha County, and that the plaintiff would have adequate opportunity to present her claims in the state court proceedings.

Additionally, the "domestic relations exception" to federal jurisdiction, as defined in *Barber v. Barber*, 62 U.S. 582 (1858), and *Ankenbrandt v, Richards*, 504 U.S. 689 (1992) applies to their claims. (Id. at 3-4). In *Ankenbrandt*, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since *Barber*, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The relief sought in the Complaint concerning the child custody or visitation rights of the plaintiff is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District

Judge **FIND** that the claims in the plaintiff's Complaint fall within the domestic relations exception to federal jurisdiction and should be dealt with in the on-going state court proceedings. Thus, this court should abstain from consideration of the plaintiff's claims.

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action for lack of subject matter jurisdiction and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 9, 2019

Dwane L. Tinsley
United States Magistrate Judge